# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49801-4-II |
| Respondent, | |
| v. | |
| DARRELL KANTREAL JACKSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Darrell K. Jackson appeals the sentencing court's imposition of legal financial obligations (LFOs). The sentencing court imposed a $100 deoxyribonucleic acid (DNA) collection fee, a $500 victim penalty assessment fee, and a $200 criminal filing fee. Jackson argues the court erred by imposing the fees because he lacks the ability to pay. Jackson further argues that the trial court's failure to inquire into his ability to pay these fees was improper and violated his equal protection and due process rights. We affirm.

## FACTS

Jackson was convicted of two counts of first degree murder, two counts of first degree aggravated murder, one count of first degree robbery, and one count of first degree burglary. Following an unsuccessful direct appeal, Jackson filed a personal restraint petition (PRP). We granted Jackson's PRP with regard to sentencing issues and remanded to the trial court for resentencing.

Jackson was resentenced on October 14, 2016. At sentencing, defense counsel requested that the court waive nonmandatory LFOs. Defense counsel further stated:

And the $100 DNA testing fee, the $500 crime victim penalty assessment, and the $200 filing fee are mandatory. It's legislative. It's not within the Court's discretion to go ahead and waive those.

Verbatim Report of Proceedings (RP) at 6. The sentencing court then imposed $800 in mandatory LFOs: a crime victim penalty assessment of $500, a DNA fee of $100, and a criminal filing fee of $200.

Jackson appeals his sentence.

ANALYSIS

Jackson challenges the LFOs imposed by the sentencing court. He specifically contends that the court should not have imposed any LFOs because he is indigent and unable to pay and because the imposition of the LFOs violates both equal protection and due process. We disagree.

I. FAILURE TO PRESERVE ISSUES FOR REVIEW

The State argues that we should decline to review Jackson's challenge to the imposition of mandatory LFOs because the issue was not properly preserved for appeal. We agree.

A defendant has the obligation to properly preserve a claim of error. *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015). A defendant who fails to object to the imposition of LFOs at sentencing is not automatically entitled to review. RAP 2.5(a); *Blazina*, 182 Wn.2d at 832.

Here, Jackson made no objection to the court's imposition of LFOs below and thereby failed to preserve a claim of error. RAP 2.5(a); *Blazina*, 182 Wn.2d at 832. Accordingly, Jackson has failed to preserve any nonconstitutional arguments and we do not review them.

## II. EQUAL PROTECTION AND DUE PROCESS CLAIMS

Jackson also argues that imposition of mandatory LFOs without any consideration of his ability to pay violates his constitutional rights to equal protection and due process of law. But Jackson fails to show a manifest constitutional error.

As stated above, Jackson made no objection to the trial court's imposition of LFOs. We generally do not consider issues not raised in the trial court. RAP 2.5(a). However, we will review a "manifest error affecting a constitutional right." RAP 2.5(a)(3). For us to review such an error, an appellant must demonstrate "(1) the error is manifest and (2) the error is truly of constitutional dimension." *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

An error is considered manifest when there is actual prejudice, meaning a plausible showing by the appellant that the asserted error had practical and identifiable consequences in the trial. *State v. Irby*, 187 Wn. App. 183, 193, 347 P.3d 1103 (2015), *review denied*, 184 Wn.2d 1036 (2016). We determine whether the error is so obvious on the record that it warrants appellate review. *O'Hara*, 167 Wn.2d at 99-100.

Jackson raises several constitutional challenges to the LFOs imposed, however he does not address whether any errors were manifest and he does not point to any identifiable prejudice. Moreover, we have already considered these same arguments and have rejected them. *See State v. Mathers*, 193 Wn. App. 913, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016).

Because he fails to offer any support that the alleged constitutional errors were manifest, we do not consider Jackson's constitutional challenges further. RAP 10.3(a)(6).

No. 49801-4-II

### III. COSTS ON APPEAL

Jackson requests that we deny any award of appellate costs due to his inability to pay. Jackson's ability to pay costs on appeal will be addressed by a commissioner of this court should the State seek costs in this case. RAP 14.2(c); RCW 10.73.160(1).

We affirm Jackson's sentence and the imposition of mandatory LFOs of the crime victim penalty assessment, DNA fee, and criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

I concur:

_____
Melnick, J.

4

No. 49801-4-II

BJORGEN, C.J. (concurring) — I am of the view that an inquiry into ability to pay should also be carried out for mandatory legal financial obligations for the reasons expressed in my dissent in *State v. Seward*, 196 Wn. App. 579, 384 P.3d 620 (2016), *review denied*, 188 Wn.2d 1015 (2017). However, in recognition of the trend in the case law, I concur in this opinion.

Bjorgen, C.J.

Bjorgen, C.J.